UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   EDCV 24-0678 DDP (PVC)                              Date: September 17, 2024

Title       Cedric Garnett Johnson v. Travis Pennington, et al.

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**PROCEEDINGS:**  [IN CHAMBERS] ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY *HECK V. HUMPHREY*, 512 U.S. 477 (1994)

Cedric Garnett Johnson ("Plaintiff"), a California prisoner proceeding *pro se*, filed this civil action against the acting warden of the California Institution for Men in Chino ("CIM") and ten other prison employees ("Defendants"). Plaintiff alleges that Defendants violated his equal protection and due process rights by (1) fabricating evidence to support charges that Plaintiff conspired to distribute controlled substances into CIM and (2) conducting a procedurally flawed disciplinary hearing. Through 42 U.S.C. § 1983, Plaintiff seeks expungement of his disciplinary sanctions. However, as it is pleaded now, Plaintiff's Complaint does not state a claim upon which relief can be granted. Plaintiff's claims appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

After CIM officers investigated a report from the San Bernardino County Sheriff's Department of a conspiracy to introduce controlled substances into the prison (Dkt. No. 1 at 30),[1] CIM officials charged Plaintiff with violating Cal. Code Regs. tit. 15, § 3016(d) (*see id.* at 73, 75, 78). The regulation prohibits incarcerated people from distributing

---

[1] For ease of reference, the Court uses the pagination provided through CM-ECF.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 24-0678 DDP (PVC)                                        Date: September 17, 2024

Title       Cedric Garnett Johnson v. Travis Pennington, et al.

controlled substances in California prisons.  Disciplinary records show that Plaintiff pleaded guilty to the charge (*id.* at 77), but Plaintiff contends that Defendants automatically entered this plea without his consent.  (*Id.* at 5–6).  Prison officials found Plaintiff guilty of violating § 3016(d).  (*Id.* at 78–79).

Subsequently, Plaintiff sued several prison officials including acting CIM warden Travis Pennington, alleging that they "collectively in conspiracy, embarked to deprive Plaintiff of his rights to equal protection and due process as guaranteed by the Fifth and Fourteenth Amendments."  (*Id.* at 5).  Specifically, Plaintiff claims that Defendants fabricated evidence to support the controlled substance distribution charge against him and that Defendants did not disclose the evidence they used to determine Plaintiff's guilt.  (*Id.*).  Additionally, Plaintiff claims that Defendants provided a procedurally inadequate disciplinary hearing by "imposing an automated … guilty plea … without any consent or statement of such declaration by Plaintiff" and by refusing "to call Plaintiff's supporting witness … for questioning."  (*Id.* at 5–6).

The Court granted Plaintiff's application to proceed IFP.  (Dkt. No. 5).  The Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2).  Right now, Plaintiff's claims appear to be barred by *Heck*, because the relief he seeks—if granted—would undermine the validity of his disciplinary proceeding.

In *Heck*, the Supreme Court held that a § 1983 plaintiff is not entitled to money damages or declaratory relief unless the conviction or sentence he challenges has been previously invalidated.  512 U.S. at 487.  Consequently, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed … ."  *Id.*

Later, the Court in *Edwards v. Balisok* extended the reasoning of *Heck* to § 1983 claims challenging prison disciplinary proceedings.  520 U.S. 641 (1997).  In so doing, the Court held that a § 1983 plaintiff may not proceed with his suit if a "principal procedural defect complained of by [the plaintiff] would, if established, necessarily imply

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 24-0678 DDP (PVC)                          Date: September 17, 2024

Title     Cedric Garnett Johnson v. Travis Pennington, et al.

the invalidity of the deprivation of his good-time credits." *Id.* at 646. Much like this case, *Balisok* involved a state prisoner, albeit one from Washington, who alleged "that he was completely denied the opportunity to put on a defense through specifically identified witnesses who possessed exculpatory evidence." *Id.* The *Balisok* plaintiff additionally "assert[ed] that the cause of the exclusion of the exculpatory evidence was the deceit and bias of the hearing officer himself. He contend[ed] that the hearing officer lied about the nonexistence of witness statements … and thus 'intentionally denied' him the right to present the extant exculpatory evidence." *Id.* at 467. Accordingly, the Court held that the plaintiff's "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, [was] not cognizable under § 1983." *Id.* at 478.

　　The relief Plaintiff seeks would imply the invalidity of his disciplinary proceedings. As was the case in *Balisok*, Plaintiff alleges intentional deceit on the part of Defendants in conducting his disciplinary hearings. His Complaint claims that Defendants intentionally "manufactured purported evidence to support false allegations" and "deliberately trained the disciplinary hearing process." (Dkt. No. 1 at 5). Such "allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed" and likely render Plaintiff's claim for relief "not cognizable under § 1983." *Balisok*, 520 U.S. at 648. Additionally, he explicitly asks that "[t]he entirety of [his] disciplinary hearing results and allegations ordered for dismissal and vacated, with all matters of disciplinary dispositions (punishment) set-aside [*sic*], and all privileges restored to good standing." (Dkt. No. 1 at 7). The relief sought is within the ambit of *Heck* and *Balisok*.

　　Accordingly, Plaintiff is ORDERED TO SHOW CAUSE, within **30 days** of the date of this Order, why this action not be dismissed as barred by *Heck*. Plaintiff may discharge this Order by filing either (1) a memorandum setting forth why this Court has jurisdiction and is the proper forum for his claims or (2) a declaration, under oath, explaining why he is unable to do so. Alternatively, if Plaintiff no longer wishes to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 24-0678 DDP (PVC)                              Date: September 17, 2024

Title      Cedric Garnett Johnson v. Travis Pennington, et al.

pursue his claims, he may voluntarily dismiss this action.  **A blank notice of dismissal is attached for Petitioner's convenience.**

    **Plaintiff is expressly warned that the failure to respond to this Order to Show Cause by the Court's deadline may result in a recommendation that this action be dismissed for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**

    IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |